Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
James Q. Taylor-Copeland (284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Plaintiff Mitchell Port*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL PORT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1-10,<br><br>　　　　　Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF FEDERAL AND CALIFORNIA LAW<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

1. This case involves the theft of 40.416 Bitcoin from Plaintiff on or about August 2, 2013. The present value of the stolen Bitcoin is over $1.22 million. Recent advances in blockchain analysis and tracing, revealed that Defendants sent the stolen Bitcoin to Coinbase, Bitpay, BitStamp, Mt. Gox, Bitcoin-e, virwox, webmoney, local Bitcoins, and the now defunct dark net market, Silk Road. Plaintiff is informed and believes and based thereon alleges, that Defendants used these exchanges and markets to launder the proceeds of this theft.

## II.   PARTIES

2. Plaintiff Mitchell Port is an individual who at all times mentioned, was and is a resident of Chicago, Illinois. Plaintiff Port lawfully acquired the 40.416 Bitcoin between 2011 and 2013.

3. Plaintiff alleges on information and belief that DOES 1-10 were individuals, corporations, partnerships, or other business entities. DOES 1-10 were the perpetrators of, or were co-conspirators with, or alter egos of, other DOE Defendants in the violations alleged in this Complaint and performed acts or made statements in furtherance thereof.

4. Plaintiff is presently unaware of the true names and identities of DOES 1-10. Plaintiff will amend this Complaint to allege the true names of the DOE defendants when he is able to ascertain them.

5. Plaintiff alleges on information and belief that no Defendant is a resident of Illinois.

## III.   RELEVANT THIRD PARTIES

6. Coinbase Global, Inc. ("Coinbase") operates a cryptocurrency exchange platform at coinbase.com which allows the trading of digital currencies, such as Bitcoin for other digital currencies or U.S. Dollars. Users can send Bitcoin to Coinbase from their own digital wallets and can similarly transfer Bitcoin held on Coinbase to their own digital wallets. From 2012 to at least 2020, Coinbase's headquarters were located in San Francisco, California.

7. BitPay is a Bitcoin payment service provider with its headquarters in Atlanta, Georgia.

8. Bitstamp Ltd. ("Bitstamp") operates a cryptocurrency exchange platform at bitstamp.net which allows the trading of digital currencies, such as Bitcoin for other digital currencies

or U.S. Dollars. Users can send Bitcoin to Bitstamp from their own digital wallets and can similarly transfer Bitcoin held on Bitstamp to their own digital wallets.

## IV. JURISDICTION AND VENUE

9. This Complaint is filed, and these proceedings are instituted, to recover damages and to obtain other relief that Plaintiff has sustained due to Defendants' violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. 1030, and Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and conversion of Plaintiff's Bitcoin.

10. This Court has subject matter jurisdiction over claims under the CFAA and DTSA pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the entire action under 28 U.S.C. § 1367.

11. This Court also has subject matter jurisdiction under 28 U.S.C § 1332 as the amount in controversy exceeds $75,000 and Plaintiff is informed and believes that no Defendant is a resident of Illinois.

12. This Court has personal jurisdiction over Defendants as a result of acts of Defendants occurring in or aimed at the State of California in connection with Defendants' violation of the CFAA, DTSA and conversion of Plaintiff's Bitcoin.

13. Plaintiff is informed and believes and based thereon alleges, that this Court also has personal jurisdiction over Defendants because they reside or have their principal places of business in California.

14. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c).

## V. SUBSTANTIVE ALLEGATIONS

15. Between 2011 and 2013, Plaintiff Port lawfully acquired the 40.416 Bitcoin. Plaintiff's stored this Bitcoin in wallet 1NY37Bfkds2PeU5zzYeULzVvcwiJaYpbLW ("Plaintiff's Wallet"). Plaintiff used software on Blockchain.info to self-custody the Bitcoin in Plaintiff's Wallet. This means the Bitcoin in Plaintiff's Wallet could be unlocked and sent to another address only with accesses to

the corresponding private key. Blockchain.info sent an encrypted file containing a backup of the private key to Plaintiff's gmail.com email address.

16. On or about August 2, 2013, Plaintiff Port discovered that all 40.416 Bitcoin held in Plaintiff's Wallet had been transferred without his authorization to wallet 1GvmpUY1RdR5zf7jDZnpjfuBnoCz3S2xSS ("Defendants' Wallet 1").

17. Plaintiff is informed and believes and based thereon alleges that Defendants were able to obtain the private key to Plaintiff's Wallet by hacking into his gmail.com email address and obtaining the backup file for Plaintiff's private keys which had been emailed to him by Blockchain.info. While the backup file was encrypted, Plaintiff is informed and believes and based thereon alleges that Defendants were able to brute force attack the password and thereby obtain the private keys to Plaintiff's Wallet.

18. Defendants then used the private keys stolen from Plaintiff's email to send Plaintiff's Bitcoin from Plaintiff's Wallet to Defendants' Wallet 1.

19. At the time of the theft, there were very few resources for tracing and analyzing blockchain transactions and Plaintiff was thus unable to identify Defendants or where his Bitcoin had been sent by Defendants. However, blockchain tracing and analysis has recently improved significantly. The Chainalysis firm offers sophisticated software that enables tracing of Bitcoin blockchain transactions.

20. While Plaintiff is still unaware of the true identity of DOES 1-10, on April 22, 2019, Plaintiff obtained a Chainalysis report, showing the flow of Plaintiff's stolen Bitcoin from Defendants' Wallet 1 through a number of intermediary wallets and ultimately to Coinbase, Bitpay and Bitstamp.

21. These cryptocurrency exchanges and payment processors collect know-your-customer ("KYC") information on users of their platforms.

22. Plaintiff is informed and believes and based thereon alleges that the true identities of DOES 1-10 can be discovered by reference to Coinbase, Bitpay, and Bitstamp's records.

23. As shown in **Exhibit A,** the stolen Bitcoin was routed through several wallets controlled by Defendants to Coinbase and Bitstamp.

4
COMPLAINT

24. Plaintiff's stolen Bitcoin was sent to both 16ZR6CwGJ6bJxMozzKLJAY2nKootFF9qCF ("Defendants' Deposit Wallet 1") and 1Pgxat83rdk1ZMEC9qbqbcHx5oBuyg3SYK ("Defendants' Deposit Wallet 2"). Bitcoin was then sent from both of these Wallets to Coinbase.

25. Plaintiff's stolen Bitcoin was also transferred from Defendants' Deposit Wallet 2 to Bitstamp.

26. As shown in **Exhibit B**, Plaintiff's stolen Bitcoin was also routed to BitPay through 1JBfZvVTd27SkiiN6T8KwH2RY9SDnu4BWP ("Defendants' Deposit Wallet 3").

27. Plaintiff filed an Internet Crime Complaint with the Federal Bureau of Investigation. Plaintiff has not been contacted by law enforcement and does not know if any investigation took place.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030
### (Against all Defendants)

28. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs on this Complaint, and further alleges as follows:

29. Defendants have accessed Plaintiff's internal computer system and email account, which is not open to the public, in order to view its contents and copy material maintained in his email account.

30. Although the precise means by which Defendants accessed Plaintiff's computer system and email account, which was protected by passwords and other security features, is not yet known and will be the subject of further investigation, such entry was not authorized by Plaintiff and was pursued by Defendants clandestinely.

31. Among other things, Defendants used the unauthorized access to Plaintiff's computer system and email account in order to obtain his Bitcoin wallet private keys which Defendants used to enact the theft of Plaintiff's Bitcoin.

32. Defendants conduct involved interstate and/or foreign communication in that, among other things, Defendants transferred the information copied from Plaintiff's computer system and email account through interstate channels.

33. Defendants conduct involved interstate and/or foreign communication in that, among other things, Defendants transferred the stolen Bitcoin through interstate channels.

34. Defendants took these actions knowing that it would cause damage to Plaintiff's property, as well as damage to the information located in his computer system and email account.

35. As a direct and proximate result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact. Plaintiff's injury includes the value of the stolen 40.416 Bitcoin.

## SECOND CLAIM FOR RELIEF
### Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836
### (Against All Defendants)

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs on this Complaint, and further alleges as follows:

37. Plaintiff owns and possesses certain financial, economic, technical, confidential, and trade secret information, as alleged above. Plaintiff owns and possesses his Bitcoin wallet private keys and Bitcoin as a form and type of financial, technical, economic, and trade secret information.

38. Plaintiff took reasonable measures to keep such information secret.

39. The information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by another person who could obtain economic value from the disclosure or use of the information.

40. Defendants acquired Plaintiff's Bitcoin wallet private keys and Bitcoin by improper means, including via theft or espionage through electronic means.

41. Defendants knew or had reason to know that Plaintiff's Bitcoin wallet private keys and Bitcoin were acquired by improper means.

42. Defendants used Plaintiff's Bitcoin wallet private keys and Bitcoin without express or implied consent.

43. Defendants willfully and maliciously misappropriated Plaintiff's Bitcoin wallet private keys and Bitcoin.

44. Plaintiff and Defendants used and intended for use Plaintiff's Bitcoin wallet private keys and Bitcoin for use in interstate or foreign commerce.

45. Defendants use and misappropriation of Plaintiff's Bitcoin wallet private keys and Bitcoin continues to this day.

46. As a direct and proximate result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact. Plaintiff's injury includes the value of the stolen 40.416 Bitcoin.

## THIRD CLAIM FOR RELIEF
### Conversion
### (Against All Defendants)

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs on this Complaint, and further alleges as follows:

48. Plaintiff had complete ownership and the right to immediate possession of the 40.416 Bitcoin stored in Plaintiff's Wallet.

49. Defendants wrongfully asserted dominion or control over the 40.416 Bitcoin in a manner inconsistent with Plaintiff's rights by sending that Bitcoin to a wallet not owned or controlled by Plaintiff (i.e. a wallet to which Plaintiff did not control the private keys).

50. Defendants did so with oppression, fraud, and/or malice and the imposition of punitive damages is thus appropriate.

51. Plaintiff is informed and believes and based thereon alleges that Defendants withheld, concealed, and sold the 40.416 Bitcoin in a manner constituting theft or extortion under Cal. Pen. § 496. Plaintiff is thus entitled to treble damages.

52. Plaintiff did not consent to Defendants' taking of his Bitcoin.

53. As a direct and proximate result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact. Plaintiff's injury includes the value of the stolen 40.416 Bitcoin.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on his behalf as follows:

54.  Awarding damages in favor of Plaintiff and against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including prejudgment interest thereon;

55.  Awarding such injunctive or other equitable relief as the Court may deem just and proper;

56.  Awarding treble damages in favor of Plaintiff and against all Defendants;

57.  Awarding punitive damages in favor of Plaintiff and against all Defendants; and

58.  Awarding Plaintiff his reasonable costs and expenses incurred in this action, including counsel fees and expert fees.

DATED:  June 8, 2022                                             Respectfully submitted,

*/s/Max Ambrose*
Max Ambrose
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Counsel for Plaintiff Mitchell Port

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED:  June 8, 2022

Respectfully submitted,

*/s/Max Ambrose*
Max Ambrose
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Counsel for Plaintiff Mitchell Port

# Exhibit A

# Exhibit A



# Exhibit B

# Exhibit B

